UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TINA B.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 2:20-CV-246-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she improperly discounted Dr. Pontus Oberg's opinion. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

1

<u>FACTUAL AND PROCEDURAL HISTORY</u>

2

On February 7, 2017, Plaintiff filed an application for DIB, alleging disability as of

3

December 28, 2016. *See* Dkt. 20, Administrative Record ("AR") 15. The application was denied

4

upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before

5

ALJ Stephanie Martz on October 11, 2018. *See* AR 15. In a decision dated October 24, 2018, the

6

ALJ determined Plaintiff to be not disabled. *See* AR 26. Plaintiff's request for review of the

7

ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision

8

of the Commissioner. *See* AR 12; 20 C.F.R. § 404.981, § 416.1481.

9

In the Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1) evaluating the

10

medical opinion evidence; and (2) discounting Plaintiff's testimony. Dkt. 22. As a result of these

11

alleged errors, Plaintiff requests remand for an award of benefits. *Id.*

12

<u>STANDARD OF REVIEW</u>

13

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14

social security benefits if the ALJ's findings are based on legal error or not supported by

15

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17

<u>DISCUSSION</u>

18

**I.      Whether the ALJ properly evaluated the medical opinion evidence.**

19

Plaintiff asserts the ALJ improperly discounted Dr. Oberg's opinion and provided too

20

much weight to the opinions of Drs. Uchecukwu Obih, Norman Stanley, and Louis Martin. Dkt.

21

22.

22

In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

23

reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*

24

1  *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.

2  1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining

3  physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons

4  that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*

5  *v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

6  1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts

7  and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

8  *v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

9  Cir. 1989)).

10     A.  <u>Dr. Oberg</u>

11        Dr. Oberg, Plaintiff's treating physician, completed a medical source statement of

12  Plaintiff's ability to do work-related activities. AR 822-827. Dr. Oberg reviewed x-rays and

13  conducted several exams of Plaintiff, including physical exams and musculoskeletal and neuro

14  exams. *See* AR 830-831, 834-835, 838-839, 844-845, 850, 852. He opined Plaintiff could

15  occasionally lift/carry up to 10 pounds, could sit for 3 hours in a workday and stand and walk

16  each for 4 hours in a workday. AR 822-823. Dr. Oberg noted Plaintiff could occasionally handle,

17  finger, feel, and push/pull with her right hand, and could frequently perform these activities with

18  her left hand, but could never reach overhead with either hand. AR 824. He opined Plaintiff can

19  never kneel or crawl, and could occasionally climb stairs, ladders, and scaffolds, balance, and

20  stoop. AR 825. Dr. Oberg indicated Plaintiff could occasionally operate foot controls with her

21  right foot and could frequently do so with her left foot. AR 824.

22        The ALJ discussed Dr. Oberg's opinion and did not "accept his opinion regarding

23  [Plaintiff's] non-exertional limitations" for three reasons:

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

(1) He relied on her complaints of hand pain/weakness, radiculopathy, back pain, and knee conditions to support the non-exertional limitations. (2) However, her back and knee disorders were mild, and the diagnostic evidence is not consistent with someone who had no ability to kneel/crawl or had only occasional ability to operate foot controls. There was no evidence of hand weakness or radiculopathy, as indicated in the physical examination findings and EMG test results, to support the notion that she could not reach overhead at all. (3) Further, he had been treating her for less than 8 months at the time of his statement, and he did not offer any explanation about the significant discrepancies between his written statement and evidence like normal EMG study results. He himself noted a negative study, no nerve damage, and mild weakness.

AR 21 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Oberg's opinion because he relied on Plaintiff's complaints in reaching his opinion. AR 21. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, the ALJ failed to explain how Dr. Oberg's opinion is based "to a large extent" on Plaintiff's subjective complaints. In contrast, Dr. Oberg reviewed x-rays and conducted several exams of Plaintiff, including physical exams and musculoskeletal and neuro exams. *See* AR 830-831, 834-835, 838-839, 844-845, 850, 852. Accordingly, because the ALJ failed to show how Dr. Oberg's opinion is based "to a large extent" on Plaintiff's subjective complaints, the ALJ's

1 first reason for discounting Dr. Oberg's opinion is not specific and legitimate and supported by

2 substantial evidence.

3      Second, the ALJ discounted Dr. Oberg's opinion because it is inconsistent with the

4 record. AR 21. An ALJ need not accept an opinion which is inadequately supported "by the record

5 as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20

6 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). But it is error for an ALJ to selectively focus on evidence

7 that tends to suggest a plaintiff is not disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th

8 Cir. 2001).

9      Here, in support of his conclusion, the ALJ noted that Plaintiff's "back and knee disorders

10 were mild, and the diagnostic evidence is not consistent with someone who had no ability to

11 kneel/crawl or had only an occasional ability to operate foot controls." AR 21. The ALJ also noted

12 that there "was no evidence of hand weakness or radiculopathy, as indicated in physical findings

13 and EMG test results, to support the notion that [Plaintiff] could not reach overhead at all." AR 21

14 (citations omitted). However, the record the ALJ cites to also indicates Plaintiff had hand weakness

15 and numbness, bilateral carpel tunnel syndrome, patellofemoral pain syndrome of both knees,

16 primary osteoarthritis of both knees, and weak grip, in addition to shoulder and neck pain and other

17 issues. *See* AR 831, 834, 835, 845.

18      Thus, the ALJ's references to the record indicate a selective focus on evidence which

19 supports her conclusion while ignoring evidence which contradicts it. Also, the ALJ simply

20 concludes the evidence relating to Plaintiff's ability to kneel/crawl or operate foot controls "is not

21 consistent" with the record without explaining the basis for the inconsistency. This is error. *See*

22 *Edlund*, 253 F.3d at 1156; *see also Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (it is

23 error for the ALJ to ignore or misstate competent evidence in order to justify a conclusion).

24

1   Accordingly, the ALJ's second reason for discounting Dr. Oberg's opinion is not specific and

2   legitimate and supported by substantial evidence.

3        Third, the ALJ discounted Dr. Oberg's opinion because his treating relationship with

4   Plaintiff was short and Dr. Oberg did not explain the discrepancies between his opinion and the

5   medical evidence. AR 21. When rejecting a physician's opinion, "[t]he ALJ must do more than

6   offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they,

7   rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-422 (internal footnote

8   omitted). In addition, the ALJ may consider the length of a treating relationship and frequency

9   of visits when evaluating a medical opinion. *see* 20 C.F.R. § 404.1527(c). Here, the ALJ did not

10  specifically discuss how or why Dr. Oberg's short treating relationship with Plaintiff or how Dr.

11  Oberg "not offer[ing] any explanation about the significant discrepancies between his written

12  statement and evidence" undermines the legitimacy of his opinion. *See* AR 21. Accordingly, the

13  ALJ's third reason for discounting Dr. Oberg's opinion is not specific and legitimate and

14  supported by substantial evidence.

15       For the above stated reasons, the Court finds the ALJ has failed to provide specific and

16  legitimate reasons supported by substantial evidence for discounting Dr. Oberg's opinion.

17  Accordingly, the ALJ erred.

18       "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

19  F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

20  claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

21  *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

22  F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless

23  unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

24

1  could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

2  (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is

3  harmless requires a "case-specific application of judgment" by the reviewing court, based on an

4  examination of the record made "'without regard to errors' that do not affect the parties'

5  'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396,

6  407 (2009)).

7        Had the ALJ provided great weight to Dr. Oberg's opinions, the ALJ may have included

8  additional limitations in Plaintiff's residual functional capacity ("RFC"). For example, Dr. Oberg

9  opined Plaintiff could never reach overhead with either hand. AR 821. By contrast, in the RFC, the

10  ALJ outlined Plaintiff could occasionally reach in all directions. AR 19. Therefore, if Dr. Oberg's

11  opinion provided great weight and additional limitations were included in the RFC and in the

12  hypothetical questions posed to the vocational expert, the ultimate disability determination may

13  have changed. Accordingly, the ALJ's errors are not harmless and require reversal. The ALJ is

14  directed to reassess Dr. Oberg's opinion on remand.

15    B. <u>Dr. Obih</u>

16        Plaintiff asserts the ALJ improperly provided great weight to Dr. Obih's opinion. Dkt. 22,

17  pp. 10-11.

18        Dr. Obih conducted a physical evaluation of Plaintiff and opined, in relevant part, that

19  Plaintiff could stand and walk at least six hours, could sit at least six hours, could lift and carry

20  20 pounds occasionally and 10 pounds frequently, could occasionally reach and handle, and

21  could occasionally balance, stoop, kneel, crouch, and crawl. AR 498. Dr. Obih also opined that

22  Plaintiff "would benefit from alternating between sitting and standing to relieve pain and

23  discomfort." AR 498.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1    The ALJ provided great weight to Dr. Obih's opinion. *See* AR 21. Plaintiff argues the

2    ALJ improperly provided great weight to Dr. Obih's opinion because "it was rendered nearly one

3    and a half years prior to Dr. Oberg's report and could not possibly account for the deteriorating

4    nature of Plaintiff's" conditions. Dkt. 22, p. 10. Plaintiff also argues the ALJ erred by failing to

5    include in RFC assessment that Plaintiff would need to alternate between sitting and standing. *Id.*

6    Regarding Plaintiff's first argument, the Court finds Dr. Obih's opinion constitutes

7    substantial evidence. An examining physician's opinion constitutes substantial evidence

8    "because it rests on his own independent examination…" *Tonapetyan v. Halter*, 242 F.3d 1144,

9    1149 (9th Cir. 2001). Here, Dr. Obih conducted a physical exam of Plaintiff and found

10   tenderness to the cervical spine posteriorly and to both knees bilaterally, as well as crepitus in

11   both knees. AR 497. This is consistent with the record, including Dr. Oberg's testing. *See*, *i.e.*,

12   AR 377, 435, 830-831. Thus, Dr. Obih's opinion constitutes substantial evidence.[1] Further,

13   Plaintiff alleged her disability began in December 2016. *See* AR 167. Notably, Dr. Obih rendered

14   his opinion in May 2017, five months after the alleged onset of disability. *See* AR 494-498.

15   Plaintiff does not cite to, nor does the Court find, authority holding that an ALJ should reject a

16   doctor's opinion that was prepared within the period of disability simply because there exists a

17   more recent medical opinion. Thus, Plaintiff's argument regarding the timing of Dr. Obih's

18   opinion is not persuasive.

19   Second, an ALJ does not need to accommodate a physician's non-imperative

20   recommendations when formulating the RFC. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533

21

22
_____

23   [1] Plaintiff also argues Dr. Obih's opinion does not show the deteriorating nature of Plaintiff's conditions, and therefore the ALJ erred by providing great weight to the opinion. *See* Dkt. 22, p. 10. However, Plaintiff does not

24   present evidence showing her condition was progressively deteriorating. *See id*. Accordingly, Plaintiff's argument is without merit.

1    F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err in rejecting a physician's proposal when it

2    is framed as a recommendation rather than an imperative); *Valentine v. Comm'r of Soc. Sec.*

3    *Admin.*, 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by excluding

4    recommendations from the residual functional capacity finding). Here, Dr. Obih opined Plaintiff

5    "*would benefit* from alternating between sitting and standing to relieve pain and discomfort." AR

6    498 (emphasis added). The use of "would benefit" does not indicate a requirement or absolute

7    and is therefore a recommendation. Thus, because the ALJ "may rationally rely on specific

8    imperatives regarding [Plaintiff's] limitations, rather than recommendations," omitting Dr.

9    Obih's recommendation for a sit/stand opinion from the RFC is not erroneous. *See Rounds v.*

10   *Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Therefore, the ALJ did not err in

11   her evaluation of Dr. Obih's opinion.

12       C.  Drs. Stanley and Martin

13       Plaintiff asserts the ALJ improperly provided great weight to non-examining physicians

14   Stanley and Martin. Dkt. 22, pp. 11-12. A non-examining physician's opinion may constitute

15   substantial evidence when it is consistent with other independent evidence in the record.

16   *Tonapetyan*, 242 F.3d at 1149. However, "[i]n order to discount the opinion of an examining

17   physician in favor of the opinion of a non[-]examining medical advisor, the ALJ must set forth

18   specific, legitimate reasons that are supported by substantial evidence in the record." *Nguyen v.*

19   *Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester*, 81 F.3d at 831). As the ALJ did not

20   provide specific and legitimate reasons for discounting Dr. Oberg's opinion, the ALJ erred when

21   she discounted Dr. Oberg's opinion in favor of the opinions of non-examining doctors.

22   Accordingly, the ALJ is directed to re-evaluate the non-examining physicians' medical opinions

23   in addition to Dr. Oberg's opinion on remand.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

II.     **Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 22, pp. 12-17. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate the opinions of Drs. Oberg, Stanley, and Martin on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

III.    **Whether this cased should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 22, p. 18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292.

1    In this case, the Court determined the ALJ committed harmful error and has directed

2  the ALJ to re-evaluate the opinions of Drs. Oberg, Stanley, and Martin on remand. Further, the

3  ALJ is directed to reassess Plaintiff's testimony and the RFC on remand. Because outstanding

4  issues remain regarding the medical evidence, Plaintiff's testimony, the RFC, and Plaintiff's

5  ability to perform jobs existing in significant numbers in the national economy, remand for

6  further consideration of this matter is appropriate.

7                                   <u>CONCLUSION</u>

8    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

9  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

10  this matter is remanded for further administrative proceedings in accordance with the findings

11  contained herein.

12    Dated this 29th day of January, 2021.

13

14

David W. Christel
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11